IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BETH TUNGATE, | ) |
| | ) |
| Plaintiff, | ) NO. 3:09-0579 |
| | ) JUDGE HAYNES |
| v. | ) |
| | ) |
| VOLVO TRUCKS OF NORTH | ) |
| AMERICA, LLC., a foreign corporation, | ) |
| and SOUTHWEST MISSOURI TRUCK | ) |
| CENTER, INC., a foreign corporation, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Beth Tungate, file this action under 28 U.S.C. § 1332, diversity jurisdiction statute against the Defendants: Volvo Trucks of North America, LLC., and Southwest Missouri Truck Center, Inc., foreign corporations. Plaintiff asserts claims for breach of contract; negligence per se; negligence intentional infliction of emotional distress; negligent infliction of emotional distress; inducement to breach of contract, Tenn. Code Ann. § 47-50-109; breach of express warranties, Tenn. Code Ann. § 47-2-313; products liability, Tenn. Code Ann. § 29-28-102; and Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104.

According to her complaint, Plaintiff purchased a Volvo truck for $138,000.00 and with a trade-in vehicle financed $68,000 of the purchase price. Immediately after her purchase, Plaintiff experienced severe problems with the Volvo truck, including the electronic device that controls the vehicle's suspension system. Plaintiff has had the vehicle repaired at least 18 times and cannot trade the vehicle given its defects and its potential danger to Plaintiff and others. Plaintiff alleges actual losses due to Volvo's defective product, failure to give her a new vehicle, and

Southwest's failure to remedy these defects. Plaintiff does not allege that the truck caused any personal injury or property damage.

Before the Court is the Defendants' motion to dismiss (Docket Entry No. 9), contending that Tennessee's economic loss doctrine bars all of Plaintiff's tort claims, citing <u>Lincoln Gen. Ins. Co. v. Detroit Diesel Corp.</u>, 293 S.W.3d 487 (Tenn. 2009). In <u>Lincoln</u>, the Tennessee Supreme Court adopted the economic loss doctrine that in a contract for a the sale of goods where the only damages alleged come under the heading of economic losses, the rights and obligations of the buyer and seller are governed exclusively by the contract. Under the economic loss doctrine, "economic loss" is defined generally as "the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold." <u>Id.</u> at 488, quoting comments, <u>Manufacturer's Liability to Remote Purchasers for "Economic Loss" Damages - - Tort or Contract?</u>, 114 U. Pa L. Rev. 539, 541 (1966). The Supreme Court held: "[w]e therefore hold that Tennessee does not recognize an exception to the economic loss doctrine under which recovery in tort is possible for damages to the defective product itself when the defect renders the product unreasonably dangerous and causes the damage by means of sudden, calamitous event." <u>Id.</u> at 493. Thus, all of Plaintiff's common law tort claims should be dismissed.

Yet, Plaintiff contends that her claim under the TCPA is not a tort claim, citing <u>Morris v. Mack's Used Cars</u>, 824 S.W.3d 538. (Tenn. 1992). In <u>Morris</u>, the Tennessee Supreme Court addressed a TCPA claim in the context of a "reconstructed" vehicle:

> The Consumer Protection Act recognizes this right of exclusion or modification of warranties under the UCC. Section 47-18-113, T.C.A., provides,

2

**Waiver of Rights.** (a) No provision of this part may be limited or waived by contract, agreement, or otherwise, notwithstanding any other provision of law to the contrary; provided, however, the provisions of this part shall not alter, amend, or repeal the provisions of the Uniform Commercial Code relative to express or implied warranties or the exclusion or modification of such warranties.

The above provision, however, also specifically precludes disclaimer of liability under the Consumer Protection Act. Furthermore, the UCC, pursuant to T.C.A. § 47-1-203, imposes an obligation of good faith in the performance or enforcement of every contract. Under T.C.A. § 47-1-102(3), this obligation may not be disclaimed.

\* \* \*

The Tennessee Consumer Protection Act is to be liberally construed to protect consumers and others from those who engage in deceptive acts or practices. Haverlah v. Memphis Aviation, Inc., 674 S.W.2d 297, 305 (Tenn.Ct.App.1984). In a case similar to the one before the Court, the seller's failure to disclose to the buyer that the vehicle had been in an accident and had been repaired constituted a violation of the Consumer Protection Act. See Paty v. Herb Adcox Chevrolet Co., 756 S.W.2d 697 (Tenn.Ct.App.1988). To allow the seller here to avoid liability for unfair or deceptive acts or practices by disclaiming contractual warranties under the UCC would contravene the broad remedial intent of the Consumer Protection Act.

In summary, disclaimers permitted by T.C.A. § 47-2-316 do not prevent application of the Consumer Protection Act. The Consumer Protection Act creates a separate and distinct cause of action for unfair or deceptive acts or practices.

Id. at 539, 540.

Lincoln does not discuss Morris. In the Court's view, the TCPA is a liability created by statute that Tennessee recognizes. See Tenn. Code Ann. § 28-3-10(3). The Court concludes that Lincoln is inapplicable to Plaintiff's TCPA claim because to apply Lincoln would vacate Morris and ignore the statutory provisions of Tenn. Code Ann. § 47-18–113.

Thus, the Defendants' motion to dismiss should be granted in part to dismiss Plaintiff's tort claims and denied in part as to Plaintiff's TCPA claims.

An appropriate Order is filed herewith.

**ENTERED** this the _24th_ day of November, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge

4